The Honorable Shawn Womack State Senator P.O. Box 332 Mountain Home, AR 72654
Dear Senator Womack:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of the Boone County Quorum Court:
 Are counties obligated to pay mileage for travel incurred by the Public Defender's office?
You refer me to A.C.A. §§ 16-87-212 and -302 as possibly causing confusion regarding this issue.
RESPONSE
In my opinion, the answer to this question is "no."
Section 16-87-302 of the Code (Supp. 2003) provides in pertinent part:
 (a) The Arkansas Public Defender Commission shall be responsible for the payment of the following:
* * *
 (3) The payment of the costs of certain expenses, as authorized by § 16-87-212.
 (b) Each county or counties within a judicial district shall be responsible for the payment of the following:
 (1) The cost of facilities, equipment, supplies, and other office expenses necessary to the effective and efficient operation of the public defender's office; and
 (2) The compensation of additional personnel within the office of the public defender, when approved in advance by the quorum court.
Section 16-87-212 of the Code (Supp. 2003) provides in pertinent part:
 (a)(1) The Arkansas Public Defender Commission is authorized to pay for certain expenses regarding the defense of indigents.
 (2) The expenses shall include, but shall not necessarily be limited to, fees for appointed counsel, expert witnesses, temporary investigators, testing, and travel.
 (3)(A) Whenever, in a case involving an indigent person; a judge orders an authorized payment, a copy of the order accompanied by a detailed explanation of services rendered, time spent, and expenses incurred shall be transmitted to the commission, and the commission shall set the amount of compensation.
 (B) Orders as authorized throughout this chapter shall be paid by the commission provided sufficient funds are available.
* * *
 (c) At the discretion of the commission, capital murder cases and all proceedings under the Arkansas Rules of Criminal Procedure, Rule 37.5, shall be paid entirely by the commission.
(Emphasis added.)
In reviewing these statutes, I am struck by the fact that A.C.A. §16-87-302(b), which specifies the expenses for which the county will be responsible, does not mention "travel." By contrast, A.C.A. §16-87-302(a)(3) charges the Arkansas Public Defender Commission with the responsibility to pay the expenses authorized by A.C.A. § 16-87-212 — a category that is statutorily defined as including "travel." Accordingly, I believe the Commission, not the county, should properly be charged with defraying these expenses.
I believe my proposed reading of these statutes is consistent with the following statement of what the legislature intended in enacting Acts 788 and 1341 of 1997, which are codified in the statutes discussed above:
 It is . . . the intent of this act to begin to phase in the responsibility of the funding of a part of the state trial court system from county government to the state. It is, further, the intent of this act to continue and improve the reporting of information from cities and counties concerning the costs of providing the court system and the revenues produced from court costs, fees, and fines.
A.C.A. § 16-10-601(b). In enacting A.C.A. § 16-87-201 et seq. (Supp. 2003), the legislature established the Arkansas Public Defender Commission as a state agency to standardize at a state-wide level the operations of the public defenders' offices, including the management of their financial affairs. I believe the provisions of A.C.A. §§ 16-87-212
and -302 are consistent with this purpose in charging the Commission with the responsibility to defray the costs of travel associated with the defense of indigents.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh